Matthias, J.,
 

 dissenting. I dissent from the decision of the majority. Deposits or advance payments made to and accepted by the appellant became liabilities of that company, and the decision of the court that they are not liabilities disregards the opinion of the Board of Tax Appeals- to the contrary. An obligation arises on the part of the company to either cancel this indebtedness by delivery of the machine or return the money advanced. It is not correct to assume that the liability of the appellant is one arising in an action for breach of contract, for clearly the purchaser for good cause, could rescind the contract and recover back the money advanced, in an action not based on a contract breached, but upon a rescission.
 

 Being liabilities payable upon a demand or within one year (for it is conceded that delivery on the contracts are made within a year), they are deductible from current accounts receivable as current accounts payable. Current accounts payable are defined in Section 5327, General Code, by means of designating the exclusions therefrom. They shall not include “taxes and assessments” or “an acknowledgment of indebtedness, unless founded on some consideration actually received, and believed at the time of making such acknowledgment to be a full consideration therefor;
 
 *113
 
 nor an acknowledgment for the purpose, of diminishing the amount of credits to be listed for taxation.” The decision of the majority has amended the statute by adding another exclusion — “advance payments on sales.”
 

 It is a general rule that a taxing statute is to be construed most strictly against the sovereign. The very elementary rule of construction,
 
 “expressio unius est exolusio alterius,”
 
 also clearly applies here. In my opinion, the construction of the statute by the majority is clearly erroneous and results in an injustice to the taxpayer.